IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DONALD DOTSON, CHRISTINE DOTSON,
H.G.D., a minor, D.D.IV, a minor,
and A.H., a minor,

            Plaintiffs,

v.                          //   CIVIL ACTION NO. 1:15CV7
                                 (Judge Keeley)


ELITE OIL FIELD SERVICES, INC.
And JEFFREY A. HESS,

            Defendants.

MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [DKT. NO.
5], GRANTING MOTION TO DISMISS HESS FROM THE ORIGINAL COMPLAINT
[DKT. NO. 8], DISMISSING WITHOUT PREJUDICE THE AMENDED COMPLAINT
AS TO HESS [DKT. NO. 14], AND DENYING AS MOOT HESS' SECOND
MOTION TO DISMISS [DKT. NO. 24]

    Pending before the Court is the motion to remand filed by the

plaintiffs, Donald Dotson, Christine Dotson, H.G.D., a minor,

D.D.IV, a minor, and A.H., a minor ("the Dotsons"). Also pending

is the motion to dismiss filed by the defendant, Jeffrey A. Hess

("Hess") (Dkt. No. 8). For the reasons that follow, the Court

**DENIES** the motion to remand (Dkt. No. 5), **GRANTS** the motion to

dismiss Hess from the original complaint (Dkt. No. 8), **DISMISSES**

the amended complaint as to Hess (Dkt. No. 14), and **DENIES AS MOOT**

Hess' second motion to dismiss (Dkt. No. 24).

## I. BACKGROUND

    Plaintiff Donald Dotson ("Dotson") worked for defendant Elite

Oil Field Services, Inc. ("Elite") as a semi-tractor operator. In

that capacity, Dotson hauled steel containers or boxes of mud from

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [DKT. NO. 5], GRANTING MOTION TO DISMISS HESS FROM THE ORIGINAL COMPLAINT [DKT. NO. 8], DISMISSING WITHOUT PREJUDICE THE AMENDED COMPLAINT AS TO HESS [DKT. NO. 14], AND DENYING AS MOOT HESS' SECOND MOTION TO DISMISS [DKT. NO. 24]**

oil and gas well operations to a designated disposal facility. To that end, Elite assigned Dotson to a 2000 model T-800 Kenworth tractor hauling a roll-off trailer.

As of August 27, 2013, Elite had contracted with a third-party to haul mud from a gas well drilling operation near Jacksonburg, West Virginia, and had assigned Dotson to that job. Hess, Dotson's supervisor and a truck boss for Elite, was responsible for assigning Elite's vehicles to jobs and to drivers, and managing the scheduling of vehicle maintenance and other repairs.

On August 16 or 17, 2013, Dotson, who was returning from dropping off a load, was operating the truck with an empty trailer on Route 50 in Harrison County, West Virginia. The truck's brakes overheated, began to smoke, and caught on fire. Dotson stopped the vehicle, called Hess, and explained to him that the brakes had caught on fire. Hess arranged for Dotson to be picked up, for the truck to be towed, and for the necessary repairs to be made.

Dotson alleges that, rather than having the necessary repairs made, Hess assigned the truck to another driver, who reported transmission damage. On August 22, 2013, the truck was taken to a repair facility in Preston County to have the transmission repaired. Once the transmission was repaired, Hess told Dotson

MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [DKT. NO.
5], GRANTING MOTION TO DISMISS HESS FROM THE ORIGINAL COMPLAINT
[DKT. NO. 8], DISMISSING WITHOUT PREJUDICE THE AMENDED COMPLAINT
AS TO HESS [DKT. NO. 14], AND DENYING AS MOOT HESS' SECOND
MOTION TO DISMISS [DKT. NO. 24]

---

that the truck was fixed, and that he was to take the truck to Jacksonburg to haul mud.

On August 27, 2013, Dotson drove the truck to the drilling pad, where it was loaded with a box filled with drilling mud. As Dotson began to drive the truck off the drilling site, which required a descent down a haul road with an approximately 14% downhill grade, the truck's brakes failed, and the truck careened out of control. Eventually, it crashed into a ditch or creek bed on the right side of the road, resulting in severe injuries to Dotson, including a head injury and a fracture and dislocation of his left hip.

On December 19, 2014, the Dotsons sued Elite Oil and Hess in the Circuit Court of Harrison County, West Virginia (Dkt. No. 3-1). On January 16, 2015, Elite and Hess filed a notice of removal in this Court, alleging diversity jurisdiction (Dkt. No. 1). The Dotsons are residents of Doddridge County, West Virginia (Dkt. No. 3 at 2). Elite is a Pennsylvania corporation with its principal place of business in Waynesburg, Pennsylvania. Id. Hess is a citizen of West Virginia; however, Elite and Hess contend that he was fraudulently joined as a party in order to defeat diversity. Id. at 3.

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [DKT. NO. 5], GRANTING MOTION TO DISMISS HESS FROM THE ORIGINAL COMPLAINT [DKT. NO. 8], DISMISSING WITHOUT PREJUDICE THE AMENDED COMPLAINT AS TO HESS [DKT. NO. 14], AND DENYING AS MOOT HESS' SECOND MOTION TO DISMISS [DKT. NO. 24]**

---

On January 22, 2015, the Dotsons filed a motion to remand the case to state court (Dkt. No. 5). On February 5, 2015, Elite and Hess responded, opposing the motion on the ground that Hess was fraudulently joined (Dkt. No. 11). Then, on January 23, 2015, Hess filed a motion to dismiss, alleging that the complaint fails to assert a deliberate intention claim cognizable under West Virginia law (Dkt. No. 9 at 2). The Dotsons filed a response opposing Hess' motion on February 9, 2015 (Dkt. No. 13). Hess filed a reply on February 16, 2015 (Dkt. No. 18). [1]

The Dotsons also amended their complaint as of right on February 9, 2015 (Dkt. No. 14). [2] On February 16, 2015, at the Court's direction, Elite and Hess filed a supplemental response in opposition to the motion to remand in light of the Dotson's amended complaint (Dkt. No. 17), and the Dotsons supplemented their

---

[1] It is generally improper for the Court to decide a Rule 12(b)(6) motion before ruling on a pending motion to remand. Stafford EMS, Inc. v. J.B. Hunt Transport., Inc., 270 F.Supp.2d 773, 774 (S.D.W. Va. 2003).

[2] The Dotsons did not amend their complaint within 21 days of serving it (Dkt. No. 1). Fed. R. Civ. Pro. 15(a)(1)(A). They did, however, amend within 21 days after service of Elite Oil's answer (Dkt. No. 7), which was filed earlier than Hess' motion to dismiss (Dkt. No. 8). Fed. R. Civ. Pro. 15(a)(1)(B); City of New Martinsville, W. Va. v. Public Service Com'n of West Virginia, 2013 WL 2244398 at *2 (S.D.W. Va. May 21, 2013).

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [DKT. NO. 5], GRANTING MOTION TO DISMISS HESS FROM THE ORIGINAL COMPLAINT [DKT. NO. 8], DISMISSING WITHOUT PREJUDICE THE AMENDED COMPLAINT AS TO HESS [DKT. NO. 14], AND DENYING AS MOOT HESS' SECOND MOTION TO DISMISS [DKT. NO. 24]**

---

response to the motion on February 20, 2015 (Dkt. No. 20).  The motions are now fully briefed and ready for review.[3]

## II. LEGAL STANDARD

### A.    Fraudulent Joinder

When an action is removed from state court, a federal district court must determine whether it has original jurisdiction over the plaintiff's claims.  Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 377 (4th Cir. 1994).  "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree."  Id.

Federal courts have original jurisdiction primarily over two types of cases, (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving diversity of citizenship under 28 U.S.C. § 1332.  When a party seeks to remove a case based on diversity of citizenship under 28 U.S.C. § 1332, that party bears the burden of establishing "the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and

---

[3] After the Dotsons filed their amended complaint, both Elite Oil and Hess filed motions to dismiss (Dkt. Nos. 22 and 24). Neither of those motions are fully briefed at this time.

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [DKT. NO. 5], GRANTING MOTION TO DISMISS HESS FROM THE ORIGINAL COMPLAINT [DKT. NO. 8], DISMISSING WITHOUT PREJUDICE THE AMENDED COMPLAINT AS TO HESS [DKT. NO. 14], AND DENYING AS MOOT HESS' SECOND MOTION TO DISMISS [DKT. NO. 24]**

---

is between citizens of different states." 28 U.S.C. § 1332. Courts should resolve any doubt "about the propriety of removal in favor of retained state court jurisdiction." Marshall v. Manville Sales Corp., 6 F.3d 229, 232-33 (4th Cir. 1993).

The doctrine of fraudulent joinder is a narrow exception to the complete diversity requirement. Jackson v. Allstate Ins. Co., 132 F.Supp.2d 432, 433 (N.D.W. Va. 2000) (Broadwater, J.). If the doctrine applies, the Court can exercise removal jurisdiction even though a non-diverse party is a defendant. Id. (citing Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999)). The Court can disregard the citizenship of and dismiss the non-diverse defendant, thereby retaining jurisdiction over the case. Mayes, 198 F.3d at 461.

The removing party bears the "heavy burden of showing that there is no possibility of establishing a cause of action against [a] non-diverse party" by clear and convincing evidence. Jackson, 132 F.Supp.2d at 433 (citing Hartley v. CSX Transp. Inc., 187 F.3d 422, 424 (4th Cir. 1999)); Clutter v. Consolidation Coal Co., 2014 WL 1479199 at *4 (N.D.W. Va. Apr. 15, 2014) (Stamp, J.). In the alternative, the removing party can establish that "there has been outright fraud in the plaintiff's pleading of jurisdictional

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [DKT. NO. 5], GRANTING MOTION TO DISMISS HESS FROM THE ORIGINAL COMPLAINT [DKT. NO. 8], DISMISSING WITHOUT PREJUDICE THE AMENDED COMPLAINT AS TO HESS [DKT. NO. 14], AND DENYING AS MOOT HESS' SECOND MOTION TO DISMISS [DKT. NO. 24]**

---

facts." <u>Pritt v. Republican Nat. Committee</u>, 1 F.Supp.2d 590, 592 (S.D.W. Va. 1998). "[F]raudulent joinder claims are subject to a rather black-and-white analysis in this circuit. Any shades of gray are resolved in favor of remand." <u>Adkins v. Consolidation Coal Co.</u>, 856 F.Supp.2d 817, 820 (S.D.W. Va. 2012).

The Court must resolve all issues of fact and law in the plaintiff's favor, but, in doing so, "is not bound by the allegations of the pleadings." <u>Marshall</u>, 6 F.3d at 232-33; <u>AIDS Counseling and Testing Centers v. Group W Television, Inc.</u>, 903 F.3d 1000, 1004 (4th Cir. 1990). Instead, the Court can consider "the entire record, and determine the basis of joinder by any means available." <u>AIDS Counseling</u>, 903 F.3d at 1004 (quoting <u>Dodd v. Fawcett Publications, Inc.</u>, 329 F.2d 82, 85 (10th Cir. 1964)). The standard for fraudulent joinder is more favorable to the plaintiff than the standard for a Rule 12(b)(6) motion to dismiss. <u>Mayes</u>, 198 F.3d at 464.

Significantly, when ruling on a motion to remand based on fraudulent joinder, the Court cannot consider post-removal filings "to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court." <u>Griggs v. State Farm Lloyds</u>, 181 F.3d 695, 700 (5th Cir. 1999). A

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [DKT. NO. 5], GRANTING MOTION TO DISMISS HESS FROM THE ORIGINAL COMPLAINT [DKT. NO. 8], DISMISSING WITHOUT PREJUDICE THE AMENDED COMPLAINT AS TO HESS [DKT. NO. 14], AND DENYING AS MOOT HESS' SECOND MOTION TO DISMISS [DKT. NO. 24]**

---

plaintiff cannot "'re-plead the complaint [after removal] in an attempt to divest this court of jurisdiction by hindsight.'" McCoy v. Norfolk Southern Ry. Co., 858 F.Supp.2d 639, 642 n. 1 (S.D.W. Va. 2012) (quoting Justice v. Branch Banking & Trust Co., 2009 WL 853993 at *7 (S.D.W. Va. Mar. 24, 2009)). The Court must determine removal jurisdiction "on the basis of the state court complaint at the time of removal, and . . . a plaintiff cannot defeat removal by amending it." Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 265 (5th Cir. 1995). Nonetheless, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### B.   Deliberate Intention

The West Virginia Workers' Compensation Act generally provides broad immunity to qualifying employers against employees' tort actions. See W. Va. Code § 23-2-6. The "deliberate intention" statute, however, carves out an exception to that immunity. An employee may recover from an employer or "person against whom liability is asserted" under either of two prongs. W. Va. Code § 23-4-2(d)(2); Syl. Pt. 1, Mayles v. Shoney's, Inc., 405 S.E.2d 15 (1990). Under the first prong, § 23-4-2(d)(2)(i), an employee can

8

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [DKT. NO. 5], GRANTING MOTION TO DISMISS HESS FROM THE ORIGINAL COMPLAINT [DKT. NO. 8], DISMISSING WITHOUT PREJUDICE THE AMENDED COMPLAINT AS TO HESS [DKT. NO. 14], AND DENYING AS MOOT HESS' SECOND MOTION TO DISMISS [DKT. NO. 24]**

---

satisfy the statutory requirements by proving "that the employer or person against whom liability is asserted acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee." The employee must show an actual, specific intent and may not satisfy the standard by allegation or proof of:

> (A)Conduct which produces a result that was not specifically intended;
> (B)[C]onduct which constitutes negligence, no matter how gross or aggravated; or
> (C)[W]illful, wanton or reckless misconduct.

W. Va. Code § 23-4-2(d)(2)(i) ["a Section I claim"]. An employee can sue either an employer or a supervisor or co-employee using a Section I claim. See W. Va. Code § 23-4-2(d)(2)(i).

To properly plead a prima facie Section I claim, the employee must allege that "an employer 'acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury[.]'" Syl. Pt. 9, Tolliver v. Kroger Co., 498 S.E.2d 702, 715 (W. Va. 1997). "'Neither negligence, recklessness nor wilful misconduct satisfies the requirements of this subsection–instead, . . . a plaintiff must prove that a . . . person granted immunity actually tried to injure or kill him.'" Williams v. Harsco Corp., 2011 WL 3035272 at *2 (N.D.W. Va. July

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [DKT. NO. 5], GRANTING MOTION TO DISMISS HESS FROM THE ORIGINAL COMPLAINT [DKT. NO. 8], DISMISSING WITHOUT PREJUDICE THE AMENDED COMPLAINT AS TO HESS [DKT. NO. 14], AND DENYING AS MOOT HESS' SECOND MOTION TO DISMISS [DKT. NO. 24]**

---

22, 2011) (Keeley, J.) (quoting Syl. Pts. 7-9, Tolliver, 498 S.E.2d at 702).

In the alternative, under Section II of the statute, an employee can recover damages from an employer by proving the following five elements:

(A) That a specific unsafe working condition existed in the workplace which presented a high degree of risk and a strong probability of serious injury or death;

(B) That the employer, prior to the injury, had actual knowledge of the existence of the specific unsafe working condition and of the high degree of risk and the strong probability of serious injury or death presented by the specific unsafe working condition;

(C) That the specific unsafe working condition was a violation of a state or federal safety statute, rule or regulation, whether cited or not, or of a commonly accepted and well-known safety standard within the industry or business of the employer, as demonstrated by competent evidence of written standards or guidelines which reflect a consensus safety standard in the industry or business, which statute, rule, regulation or standard was specifically applicable to the particular work and working condition involved, as contrasted with a statute, rule, regulation or standard generally requiring safe workplaces, equipment or working conditions;

(D) That notwithstanding the existence of the facts set forth in subparagraphs (A) through (C), inclusive, of this paragraph, the employer nevertheless intentionally thereafter exposed an employee to the specific unsafe working condition; and

(E) That the employee exposed suffered serious compensable injury or compensable death as defined in

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [DKT. NO. 5], GRANTING MOTION TO DISMISS HESS FROM THE ORIGINAL COMPLAINT [DKT. NO. 8], DISMISSING WITHOUT PREJUDICE THE AMENDED COMPLAINT AS TO HESS [DKT. NO. 14], AND DENYING AS MOOT HESS' SECOND MOTION TO DISMISS [DKT. NO. 24]**

---

> section one, article four, chapter twenty-three whether a claim for benefits under this chapter is filed or not as a direct and proximate result of the specific unsafe working condition.

§ 23-4-2(d)(2)(ii)(A)-(E) [a "Section II claim"].

A Section II claim may only be brought against an employer. Syl. Pt. 6, <u>Young v. Apogee Coal Co., LLC</u>, 753 S.E.2d 52, 52 (W. Va. 2013). A non-employer person, such as a supervisor or a co-worker, may not be made a defendant in a cause of action under Section II. <u>Id.</u> at 54.

### IV. ANALYSIS

#### A.   Allegations in the Original Complaint

Dotson's original complaint alleges that his injuries were caused by "the deliberate intention" of Hess, as that term is defined in W. Va. Code § 23-4-2(d) (Dkt. No. 3-1 at 9).[4] Hess "was specifically aware of the failing, unmaintained, and unrepaired condition of the truck's braking system and that such condition created a high degree of risk and the strong probability of serious

---

[4] The Dotsons also plead a loss of consortium claim based on the loss of Dotson's "comfort, guidance, and companionship." (Dkt. No. 3-2 at 10). It is well-established, however, that a loss of consortium claim is derivative of the deliberate intention claim, and cannot be independently asserted. <u>Evans v. CDX Services, LLC</u>, 528 F.Supp.2d 599, 599 n. 1 (S.D.W. Va. 2007).

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [DKT. NO. 5], GRANTING MOTION TO DISMISS HESS FROM THE ORIGINAL COMPLAINT [DKT. NO. 8], DISMISSING WITHOUT PREJUDICE THE AMENDED COMPLAINT AS TO HESS [DKT. NO. 14], AND DENYING AS MOOT HESS' SECOND MOTION TO DISMISS [DKT. NO. 24]**

---

injury or death." Id. Dotson goes on to allege that the unsafe working condition of the braking system violated safety standards and regulations, but that Elite and Hess intentionally exposed him to the specific unsafe working condition anyway, resulting in severe and permanent injuries. Id. at 9-10.

In their motion to remand, the Dotsons claim that, because they generally pleaded a deliberate intention cause of action against Hess under W. Va. Code § 23-4-2(d), without mentioning either Section I or Section II, their cause of action against Hess should stand (Dkt. No. 6 at 2). The Dotsons contend that they specifically pleaded facts to support a claim under Section I because Hess "was the primary actor on behalf of Defendant Elite whose conduct ultimately caused the subject crash." Id. at 3. They state that, as alleged in the complaint, Hess' conduct "is consistent with a claim under [Section I] . . . ." Id. Specifically, the Dotsons point to the facts that Hess was Dotson's direct supervisor, that he was aware of a specific failure, that he deliberately chose to not have the failure repaired, that he lied to Dotson about the failure having been repaired, and that he deliberately assigned Dotson to a job where he knew heavy loads would be carried down a steep grade. Id.

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [DKT. NO. 5], GRANTING MOTION TO DISMISS HESS FROM THE ORIGINAL COMPLAINT [DKT. NO. 8], DISMISSING WITHOUT PREJUDICE THE AMENDED COMPLAINT AS TO HESS [DKT. NO. 14], AND DENYING AS MOOT HESS' SECOND MOTION TO DISMISS [DKT. NO. 24]**

---

Elite Oil and Hess bear the "heavy burden of showing that there is no possibility of establishing a cause of action against [a] non-diverse party" by clear and convincing evidence. <u>Jackson</u>, 132 F.Supp.2d at 433 (citing <u>Hartley</u>, 187 F.3d at 424). They have met that burden as to the original complaint; although the Dotsons have specifically set forth the elements of a Section II claim and have pleaded facts corresponding to each element, they nowhere mention Section I (Dkt. No. 3-2 at 9-10).

Although the Dotsons are not required to use any magic words to adequately plead a cause of action under Section I, they must plead the elements of such a claim. This they have failed to do as to several of the core elements, including a conscious, subjective, and deliberately formed intention on Hess' part to cause Dotson's injury. Syl. Pt. 9, <u>Tolliver</u>, 498 S.E.2d at 715. To reiterate, under the statute Dotson "must show an actual, specific intent and may not satisfy the standard by allegation or proof of (A)[c]onduct which produces a result that was not specifically intended; (B) conduct which constitutes negligence, no matter how gross or aggravated; or (C) willful, wanton or reckless misconduct." W. Va. Code § 23-4-2(d)(2)(i). "'Neither negligence, recklessness nor wilful misconduct satisfies the requirements of this

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [DKT. NO. 5], GRANTING MOTION TO DISMISS HESS FROM THE ORIGINAL COMPLAINT [DKT. NO. 8], DISMISSING WITHOUT PREJUDICE THE AMENDED COMPLAINT AS TO HESS [DKT. NO. 14], AND DENYING AS MOOT HESS' SECOND MOTION TO DISMISS [DKT. NO. 24]**

subsection-instead, . . . a plaintiff must prove that a . . . person granted immunity actually tried to injure or kill him.'" Williams, 2011 WL 3035272 at *2 (quoting Syl. Pts. 7-9, Tolliver, 498 S.E.2d at 702).

At best, the Dotsons have alleged that Hess knew about the truck's faulty brakes, but nonetheless recklessly or negligently assigned it to Dotson. They have not alleged that Hess purposely assigned Dotson to a job with the intent of causing him serious injury, harm, or death from a likely crash (Dkt. No. 3-2 at 8-9). The complaint therefore falls far short of the actual, specific intent necessary to satisfy Section I. See Hedrick v. E.I. du Pont de Nemours and Co., 2013 WL 2422661 at *3 (S.D.W. Va. June 3, 2013) (concluding that the plaintiff had no possibility of succeeding on his Section I claim against the defendant, his former supervisor, because the complaint did not allege that the defendant intended to produce the specific result of injury or death).

Based on the foregoing, the Dotsons have no possibility of succeeding on a Section I claim in their original complaint, making remand improper. Moreover, insofar as they have attempted to plead a Section II claim against Hess, such a claim fails because it may only be brought against an employer.

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [DKT. NO. 5], GRANTING MOTION TO DISMISS HESS FROM THE ORIGINAL COMPLAINT [DKT. NO. 8], DISMISSING WITHOUT PREJUDICE THE AMENDED COMPLAINT AS TO HESS [DKT. NO. 14], AND DENYING AS MOOT HESS' SECOND MOTION TO DISMISS [DKT. NO. 24]**

---

### B.   Operative Complaint at the Time of Removal

As already noted, the amended complaint filed by the Dotsons was not the operative pleading when this case was removed.  Under the motion to remand standard, the Court must consider the operative complaint at the time of removal.  This requires dismissing Hess based on fraudulent joinder inasmuch as the original complaint fails to mention, much less plead, a Section I claim.

The Dotsons' amended complaint, however, arguably pleads an adequate cause of action against Hess under Section I that would divest this Court of subject matter jurisdiction.  The question for the Court therefore is what to do when a plaintiff who files an amended complaint as of right includes claims against a pre-existing, non-diverse defendant that are sufficient to defeat diversity jurisdiction.

In this regard, the case of Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 258-59 (5th Cir. 1995), is instructive.  In Cavallini, the plaintiffs filed a motion to remand, and five months later sought leave of court to amend their complaint to "clarify" facts supporting a cause of action against a defendant.  The district court denied the plaintiffs' motion to remand, holding

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [DKT. NO. 5], GRANTING MOTION TO DISMISS HESS FROM THE ORIGINAL COMPLAINT [DKT. NO. 8], DISMISSING WITHOUT PREJUDICE THE AMENDED COMPLAINT AS TO HESS [DKT. NO. 14], AND DENYING AS MOOT HESS' SECOND MOTION TO DISMISS [DKT. NO. 24]**

that the proposed amended complaint could not be considered, and that, as of the time of removal, the original complaint had failed to set forth a cause of action against the defendant, making remand improper.   Id. at 259-60.

On appeal, the United States Court of Appeals for the Fifth Circuit affirmed the district court's ruling, agreeing that the original complaint did not contain a cognizable claim against the non-diverse defendant.   Id.   In doing so, the Fifth Circuit reiterated that a complaint amended post-removal cannot divest the court of subject matter jurisdiction, and that the district court did not err in denying the plaintiffs' motion to amend their complaint.[5]   Id. at 264.

This Court is unaware of any case decided by the United States Court of Appeals for the Fourth Circuit that is on all fours with the facts here.   It is clear, however, that, in the Fourth

---

[5] Other courts in similar situations have hesitated to retain jurisdiction over a case with incomplete diversity, and have either denied the plaintiff's motion to amend the complaint, or have remanded.   See, e.g., Bevels v. Am. States Ins. Co., 100 F.Supp.2d 1309, 1309 (M.D. Ala. 2000) (declining to allow joinder of a non-diverse defendant post-removal); Mills Group Ltd., v. Oceanografia, S.A. de C.V., 2009 WL 3756931 at *2 (S.D. Tex. Nov. 6, 2009) (granting the plaintiff's motion to amend, but then immediately remanding for lack of jurisdiction, holding that it could not continue to preside over a case between non-diverse defendants).

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [DKT. NO. 5], GRANTING MOTION TO DISMISS HESS FROM THE ORIGINAL COMPLAINT [DKT. NO. 8], DISMISSING WITHOUT PREJUDICE THE AMENDED COMPLAINT AS TO HESS [DKT. NO. 14], AND DENYING AS MOOT HESS' SECOND MOTION TO DISMISS [DKT. NO. 24]**

---

Circuit, post-removal events, including amending a complaint to reduce the amount in controversy or to eliminate a federal question, generally do not divest courts of jurisdiction. <u>See, e.g.</u>, <u>St. Paul Mercury Indem. Co. v. Red Cab Co.</u>, 303 U.S. 283, 292, 58 S.Ct. 586, 592 (1938) (finding that events occurring after removal, including amending the pleadings to reduce the claim below the jurisdictional amount, will not deprive the court of jurisdiction); <u>Brown v. East States Corp.</u>, 181 F.2d 26, 27 (4th Cir. 1950) (holding that the plaintiff's amended complaint, eliminating the federal question cause of action, did not require remand); <u>Petroleum Helicopters, Inc. v. Apical Industries, Inc.</u>, 2013 WL 2297066 at *6-7 (W.D. La. May 23, 2013) (refusing to remand after the plaintiffs amended their complaint to assert sufficient claims against a non-diverse defendant); <u>DTND Sierra Investments, LLC v. Bank of New York Mellon Trust Co. N.A.</u>, 2013 WL 432923 at *5 (W.D. Tex. Feb. 4, 2013) (noting that, "[a]lthough it seems in tension with the requirements of diversity jurisdiction to maintain jurisdiction over a case that asserts claims against a non-diverse defendant . . . [s]uch post-removal cases do not divest the court of jurisdiction, so long as jurisdiction existed at the time of removal.").

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [DKT. NO. 5], GRANTING MOTION TO DISMISS HESS FROM THE ORIGINAL COMPLAINT [DKT. NO. 8], DISMISSING WITHOUT PREJUDICE THE AMENDED COMPLAINT AS TO HESS [DKT. NO. 14], AND DENYING AS MOOT HESS' SECOND MOTION TO DISMISS [DKT. NO. 24]**

The rule that post-removal events do not divest the Court of jurisdiction "is grounded not only in well over a half-century of precedent, but also in sound policy. If parties were able to defeat jurisdiction by way of post-removal reductions of the amount in controversy, they could unfairly manipulate judicial proceedings." Hatcher v. Lowe's Home Centers, Inc., 718 F.Supp.2d 684, 688 (E.D. Va. 2010).[6] When a party seeks to amend its complaint to add a non-diverse defendant, the court may either allow joinder of additional defendants who destroy subject matter jurisdiction, and remand the case, or deny joinder of a non-diverse defendant. 28 U.S.C. § 1447(e).[7]

In the absence of controlling case law in this circuit, the Court concludes that it must consider only the original complaint

---

[6] On the other hand, post-removal events to "clarify" the original pleadings can, in some circumstances, divest a court of jurisdiction. That is not the case here. See Hatcher, 718 F.Supp.2d at 588 (citing cases considering post-removal stipulations when the jurisdictional basis or claims are ambiguous); Ferguson by Ferguson v. Wal-Mart Stores, Inc., 1994 WL 653479 at *2 (D.S.C. Nov. 15, 1994) (holding that the plaintiff's stipulation properly divested the court of jurisdiction because the amount in controversy in the complaint was unclear).

[7] As discussed later on, in the Fourth Circuit, courts can decline to allow parties to amend their complaint to add additional, non-diverse defendants who would defeat jurisdiction, notwithstanding the provision in Rule 15(a) for allowing one amendment as of right. Mayes, 198 F.3d at 462.

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [DKT. NO. 5], GRANTING MOTION TO DISMISS HESS FROM THE ORIGINAL COMPLAINT [DKT. NO. 8], DISMISSING WITHOUT PREJUDICE THE AMENDED COMPLAINT AS TO HESS [DKT. NO. 14], AND DENYING AS MOOT HESS' SECOND MOTION TO DISMISS [DKT. NO. 24]**

---

that existed at the time of removal for purposes of the motion to remand.  This path is "grounded not only in well over a half-century of precedent, but also in sound policy." Hatcher, 718 F.Supp.2d at 688.

The relevant time for determining jurisdiction remains at the time of removal, when the original complaint was the only operative pleading.  Based on that, and concluding that Hess was fraudulently joined, the Court will disregard Hess' citizenship for purposes of determining diversity jurisdiction at the time of removal, and dismiss him from the case, notwithstanding the new allegations in the amended complaint.  See DTND Sierra, 2013 WL 432923 at *6. Following on that, it is clear that complete diversity existed at the time of removal between the Dotsons, who are citizens of West Virginia, and Elite Oil, a citizen of Pennsylvania (Dkt. No. 3-2 at 5).[8]  Therefore, the Court **DENIES** the plaintiffs' motion to remand

---

[8] Complete diversity was the only contested aspect of this Court's jurisdiction.  The allegations for damages in the complaint, although not specifically laid out in dollar figures, include compensatory damages for medical expenses, loss of consortium, pain and suffering, emotional distress, interest, and punitive damages (Dkt. No. 3-2 at 10-11).  Considering the judgment the Dotsons could receive, Elite Oil and Hess have established, by a preponderance of the evidence, that the amount in controversy exceeds $ 75,000.  Smith v. Booth, 2007 WL 2963776 at *2 (S.D.W. Va. Oct. 9, 2007).

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [DKT. NO. 5], GRANTING MOTION TO DISMISS HESS FROM THE ORIGINAL COMPLAINT [DKT. NO. 8], DISMISSING WITHOUT PREJUDICE THE AMENDED COMPLAINT AS TO HESS [DKT. NO. 14], AND DENYING AS MOOT HESS' SECOND MOTION TO DISMISS [DKT. NO. 24]**

---

(Dkt. No. 5) and **GRANTS** Hess' first motion to dismiss the original complaint (Dkt. No. 8).

### C.   Hess' Continued Presence in the Case

Next, it is necessary to analyze the viable Section I claim alleged against Hess in the amended complaint. Notwithstanding those new allegations, the question is whether, after already having denied the motion to remand, the Court may keep Hess, a non-diverse defendant, in the case and still retain jurisdiction.

In this regard, the Fourth Circuit's decision in <u>Mayes v. Rapoport</u>, 198 F.3d 457 (4th Cir. 1999), is helpful. There, the Fourth Circuit addressed a plaintiff's attempt to add a new, non-diverse defendant after removal. It noted that courts could use the doctrine of fraudulent joinder to avoid a plaintiff's attempt to add a non-diverse defendant post-removal "for the specific purpose of avoiding federal jurisdiction."[9] <u>Id.</u> at 463. The Fourth Circuit left district courts with two options when a plaintiff seeks to add non-diverse defendants post-removal: either allow joinder and remand, or deny joinder. <u>Id.</u> at 462.

---

[9]    The Fourth Circuit found that fraudulent joinder was applicable, notwithstanding the fact that the plaintiff sought to add a non-diverse defendant <u>after</u> the court already possessed jurisdiction. <u>Mayes</u>, 198 F.3d at 463.

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [DKT. NO. 5], GRANTING MOTION TO DISMISS HESS FROM THE ORIGINAL COMPLAINT [DKT. NO. 8], DISMISSING WITHOUT PREJUDICE THE AMENDED COMPLAINT AS TO HESS [DKT. NO. 14], AND DENYING AS MOOT HESS' SECOND MOTION TO DISMISS [DKT. NO. 24]**

---

Importantly, it emphasized that the removal statute "does not allow a district court to retain jurisdiction once it permits a non[-]diverse defendant to be joined in the case." Id.

As for plaintiffs who amend their complaint without leave of court under Rule 15(a), the Fourth Circuit rejected the idea that the court must remand, finding instead that the district court "has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court." Id. at 462, n. 11.

As in Mayes, the Dotsons seek to add an additional claim against an additional party. Although Hess was "present" at the time of removal, he has been dismissed as fraudulently joined. The Dotsons' amended complaint asserts a facially viable deliberate intention claim against Hess that satisfies the lenient fraudulent joinder standard. Therefore, the Court either must allow the amended complaint and remand the case to state court, or must dismiss the amended complaint as to Hess. See id. at 461 (stating that fraudulent joinder allows the court to retain jurisdiction by dismissing non-diverse defendants).

In deciding this question, the Court is mindful of the long-standing principle that post-removal events, generally speaking, do

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [DKT. NO. 5], GRANTING MOTION TO DISMISS HESS FROM THE ORIGINAL COMPLAINT [DKT. NO. 8], DISMISSING WITHOUT PREJUDICE THE AMENDED COMPLAINT AS TO HESS [DKT. NO. 14], AND DENYING AS MOOT HESS' SECOND MOTION TO DISMISS [DKT. NO. 24]**

---

not divest courts of jurisdiction. In <u>St. Paul Mercury Indem. Co.</u>, 303 U.S. at 292-93, 58 S.Ct. at 492, the Supreme Court of the United States noted that events after removal that reduce the amount in controversy do not destroy the court's jurisdiction "once it has attached." "Without such a rule, disposition of the [jurisdictional] issue would never be final, but would instead have to be revisited every time the plaintiff sought to amend the complaint to assert a new cause of action against the nondiverse defendant, all at considerable expense and delay to the parties and the state and federal courts involved." <u>Cavallini</u>, 44 F.3d at 264.

Because the Dotsons' amended complaint would add Hess, a non-diverse defendant who has been dismissed from the original complaint, the Court has the discretion to deny joinder. 28 U.S.C. § 1447(e); <u>Mayes</u>, 198 F.3d at 462. In doing so, the Court may consider all relevant factors, including the purpose of the Dotsons' amendment, whether they have been dilatory, whether they will be injured if the amendment is not allowed, and any other factors bearing on the equities. <u>Mayes</u>, 198 F.3d at 462-63.

After considering the pleadings and briefing, the Court finds that the Dotsons' amended complaint was submitted primarily for the purpose of defeating federal diversity. See <u>Gum v. General Elec.</u>

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [DKT. NO. 5], GRANTING MOTION TO DISMISS HESS FROM THE ORIGINAL COMPLAINT [DKT. NO. 8], DISMISSING WITHOUT PREJUDICE THE AMENDED COMPLAINT AS TO HESS [DKT. NO. 14], AND DENYING AS MOOT HESS' SECOND MOTION TO DISMISS [DKT. NO. 24]**

---

Co., 5 F.Supp.2d 412, 414 (S.D.W. Va. 1998) (finding that the amended complaint was submitted to avoid federal jurisdiction, and noting as significant that the amendments were filed soon after the case was removed, and before significant discovery occurred).

The Court further finds that the Dotsons were dilatory in amending their complaint. They obviously were aware of the facts underlying their new Section I claim, as they are the same operative facts underlying the rest of the claims in the case. Instead of ensuring that the Section I claim against Hess was adequately pleaded in the first instance, they waited until the motion to remand was substantially briefed, and used the defendants' argument in that briefing to "improve" their claims and amend the complaint in order to add a new Section I claim against Hess.

Finally, the Court has a "virtually unflagging obligation" to exercise its jurisdiction. Colorado River Water Conservation District v. United States, 424 U.S. 800, 817, 96 S.Ct. 1236 (1976). It finds that the Dotsons will not suffer serious prejudice should Hess be dismissed. Therefore, the Court **DISMISSES WITHOUT PREJUDICE** the Dotsons' amended complaint as to Hess (Dkt. No. 14),

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND [DKT. NO. 5], GRANTING MOTION TO DISMISS HESS FROM THE ORIGINAL COMPLAINT [DKT. NO. 8], DISMISSING WITHOUT PREJUDICE THE AMENDED COMPLAINT AS TO HESS [DKT. NO. 14], AND DENYING AS MOOT HESS' SECOND MOTION TO DISMISS [DKT. NO. 24]**

---

**DISMISSES** Hess from the case, and **DENIES AS MOOT** Hess' second motion to dismiss (Dkt. No. 24).

### V. CONCLUSION

For the reasons discussed, the Court **DENIES** the Dotsons' motion to remand (Dkt. No. 5), **GRANTS** Hess' first motion to dismiss the original complaint (Dkt. No. 8), **DISMISSES WITHOUT PREJUDICE** the Dotsons' amended complaint as to Hess (Dkt. No. 14), and **DENIES AS MOOT** Hess' second motion to dismiss (Dkt. No. 24).

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record.

DATED: March 4, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE