```
IN THE UNITED STATES DISTRICT COURT
    FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**DONALD DOTSON, CHRISTINE DOTSON,**
**H.G.D., a minor, D.D.IV, a minor,**
**and A.H., a minor,**

      **Plaintiffs,**

**v.**                     //     **CIVIL ACTION NO. 1:15CV7**
                                    (Judge Keeley)

**ELITE OIL FIELD SERVICES, INC.,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS [DKT. NO. 22]

Pending before the Court is the partial motion to dismiss (Dkt. No. 22) filed by the defendant, Elite Oil Field Services, Inc. ("Elite Oil"). For the following reasons, the Court **GRANTS** Elite Oil's motion and **DISMISSES WITH PREJUDICE** the plaintiffs' claim under W. Va. Code § 23-4-2(d)(2)(i).

### I. BACKGROUND

Plaintiff Donald Dotson ("Dotson") worked for Elite Oil as a semi-tractor operator. In that capacity, Dotson hauled steel containers or boxes of mud from oil and gas well operations to a designated disposal facility. To that end, Elite assigned Dotson to a 2000 model T-800 Kenworth tractor hauling a roll-off trailer.

As of August 27, 2013, Elite had contracted with a third-party to haul mud from a gas well drilling operation near Jacksonburg, West Virginia, and had assigned Dotson to that job. Jeffrey Hess

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS [DKT. NO. 22]

("Hess"), who was Dotson's supervisor and a truck boss for Elite, was responsible for assigning Elite's vehicles to jobs and to drivers, and managing the scheduling of vehicle maintenance and other repairs.[1]

On August 16 or 17, 2013, Dotson was returning from dropping off a load. He was operating the truck with an empty trailer on Route 50 in Harrison County, West Virginia, when the truck's brakes overheated, began to smoke, and caught on fire. Dotson stopped the vehicle, called Hess, and explained to him that the brakes had caught on fire. Hess arranged for Dotson to be picked up, for the truck to be towed, and for the necessary repairs to be made.

Dotson alleges that, rather than having the necessary repairs made, Hess assigned the truck to another driver, who reported transmission damage. On August 22, 2013, the truck was taken to a repair facility in Preston County to have the transmission repaired. Once the transmission was repaired, Hess told Dotson that the truck was fixed, and directed him to take the truck to Jacksonburg to haul mud.

---

[1] Hess was originally named as a defendant, but was dismissed from the case as fraudulently joined on March 4, 2015 (Dkt. No. 26).

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS [DKT. NO. 22]**

On August 27, 2013, Dotson drove the truck to the drilling pad, where it was loaded with a box filled with drilling mud. As Dotson began to drive the truck off the drilling site, which required a descent down a haul road with an approximately 14% downhill grade, the truck's brakes failed, and the truck careened out of control. Eventually, it crashed into a ditch or creek bed on the right side of the road, resulting in injuries to Dotson's head and a fracture and dislocation of his left hip.

On December 19, 2014, plaintiffs Donald Dotson, Christine Dotson, H.G.D., a minor, D.D., IV, a minor, and A.H., a minor ("the Dotsons"), sued Elite Oil and Hess in the Circuit Court of Harrison County, West Virginia (Dkt. No. 3-1). On January 16, 2015, Elite Oil and Hess filed a notice of removal in this Court based on diversity jurisdiction (Dkt. No. 1).

On January 22, 2015, the Dotsons filed a motion to remand the case to state court (Dkt. No. 5). On February 5, 2015, Elite and Hess responded, opposing the motion on the ground that Hess had been fraudulently joined (Dkt. No. 11). Thereafter, on January 23, 2015, Hess filed a motion to dismiss, alleging that the Dotsons' complaint failed to assert a deliberate intention claim cognizable under West Virginia law (Dkt. No. 9 at 2). On March 4, 2015, the

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS [DKT. NO. 22]**

---

Court denied the Dotsons' motion to remand, granted Hess' motion to dismiss, and dismissed Hess from the case (Dkt. No. 26).

Prior to that, however, the Dotsons amended their complaint as of right on February 9, 2015 (Dkt. No. 14), to assert a claim under W. Va. Code § 23-4-2(d)(2)(i) ("Section I claim"). On February 23, 2015, Elite Oil filed a partial motion to dismiss that portion of the Dotsons' amended complaint. On March 9, 2015, the Dotsons responded to Elite Oil's motion, and on March 17, 2015, Elite Oil filed a reply. The motion is now fully briefed and ready for review.[2]

**II. MOTION TO DISMISS**

**A. Standard of Review**

In reviewing the sufficiency of a complaint, a district court "'must accept as true all of the factual allegations contained in the complaint.'" Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). However, while a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

---

[2] The Dotsons also alleged a claim against Elite Oil under the second prong, W. Va. Code § 23-4-2(d)(2)(ii) ("Section II claim"). Elite Oil has not sought dismissal of that claim (Dkt. No. 14).

entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Indeed, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In considering whether the facts alleged are sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson, 508 F.3d at 188 (quoting Twombly, 550 U.S. at 547). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This requires "more than a sheer possibility that a defendant has acted unlawfully." Id.

**B. The Deliberate Intention Statute**

The West Virginia Workers' Compensation Act generally provides broad immunity to qualifying employers against employees' tort actions. See W. Va. Code § 23-2-6. This "deliberate intention" statute, however, carves out an exception to that immunity,

allowing an employee to recover from an employer or "person against whom liability is asserted" under either of two prongs. W. Va. Code § 23-4-2(d)(2); Syl. Pt. 1, Mayles v. Shoney's, Inc., 405 S.E.2d 15 (1990).

Under the first prong, § 23-4-2(d)(2)(i), an employee can satisfy the statutory requirements by proving "that the employer or person against whom liability is asserted acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to an employee." The employee must show an actual, specific intent and may not satisfy the standard by allegation or proof of:

> (A)Conduct which produces a result that was not specifically intended;
>
> (B)[C]onduct which constitutes negligence, no matter how gross or aggravated; or
>
> (C)[W]illful, wanton or reckless misconduct.

W. Va. Code § 23-4-2(d)(2)(i). An employee can sue either an employer or a supervisor or co-employee using a Section I claim. See W. Va. Code § 23-4-2(d)(2)(i).

To properly plead a prima facie Section I claim, the employee must allege that "an employer 'acted with a consciously,

subjectively and deliberately formed intention to produce the specific result of injury[.]'" Syl. Pt. 9, <u>Tolliver v. Kroger Co.</u>, 498 S.E.2d 702, 715 (W. Va. 1997). "'Neither negligence, recklessness nor wilful misconduct satisfies the requirements of this subsection–instead, . . . a plaintiff must prove that a . . . person granted immunity actually tried to injure or kill him.'" <u>Williams v. Harsco Corp.</u>, 2011 WL 3035272 at *2 (N.D.W. Va. July 22, 2011)(Keeley, J.)(quoting Syl. Pts. 7-9, <u>Tolliver</u>, 498 S.E.2d at 702).

### III. ANALYSIS

In their amended complaint, the Dotsons allege that Elite Oil "acted with a consciously, subjectively and deliberately formed intention to produce the specific result of injury or death to Plaintiff Donald Dotson, an employee." (Dkt. No. 14 at 5). They claim that Elite Oil's deliberate intention to harm or kill Dotson can be inferred from "the fact that [Hess] utilized deception in order to place [Dotson] on a very steep roadway with a very heavy load in a truck knowing that it had a faulty breaking system, which breaking system [Hess] intentionally failed to have evaluated and repaired." <u>Id.</u>

Elite Oil contends that the Dotsons' Section I claim fails as a matter of law because their factual allegations, even if true, fall short of the conduct required to prevail on such a claim (Dkt. No. 22 at 2). Specifically, Elite Oil argues that the amended complaint does not contain any plausible allegations that it tried to kill or injure Dotson (Dkt. No. 23 at 6).

In response, the Dotsons argue that the amended complaint "contains copious fact-based allegations that are absolutely sufficient." (Dkt. No. 29 at 1). They reiterate that Hess was responsible for maintaining Dotson's truck, was directly aware that the truck's brakes had failed, failed to have the brakes repaired, lied to Dotson about the braking system, and assigned Dotson to a job that he knew would involve Dotson carrying a heavy load down a steep hill. Id. at 2.

In its reply, Elite Oil refers to authority from the Supreme Court of Queens County, New York, Feng Gao v. Jing Hong Li, 932 N.Y.S.2d 760 at *1 (NY. Sup. Ct. 2011), where the plaintiff was involved in a similar accident after the brakes in his delivery van failed. He alleged that his employer knew that his delivery van had a defective brake vacuum pump, but nevertheless deliberately and intentionally failed to repair the brake defects, putting his

life at risk.  Id.  The plaintiff contended that his cause of action for an unspecified "intentional tort" fell outside of the workers' compensation law because his injuries resulted from his employer's intent to harm him.  Id.

The Supreme Court of Queens County noted that there was an exception to New York's workers' compensation scheme for intentional torts, but found that the plaintiff's complaint failed to state a legally cognizable cause of action based on an intentional tort.  Id. at *4.  Despite the fact that the defendant was aware that the brakes in the delivery van were defective, "the complaint fails to contain sufficient facts to show that the defendant's failure to repair the brakes was a deliberate act undertaken to injure this plaintiff in particular."  Id.

Elite Oil argues that, like the plaintiff in Feng Gao, the Dotsons have failed to sufficiently allege that its failure to repair the brakes in Dotson's truck was deliberately undertaken to injure Dotson (Dkt. No. 31 at 3).  "According to [the Dotsons], [Hess] did not lie with the specific intent to injure or kill [Dotson].  Instead, [Hess'] motive for lying to [Dotson] was to avoid taking 'the time, effort and resources to do his job properly.'"  Id.  Even after drawing every reasonable inference in

9

the Dotsons' favor, Elite Oil argues that, at most, it is guilty of willful misconduct, and not deliberate intention under Section I. Id.

It is well-established that, to allege a plausible claim under Section I, the Dotsons must assert that Elite Oil "acted with a 'consciously, subjectively and deliberately formed intention to produce *the specific result of injury or death* . . . .'" Hedrick v. E.I. du Pont de Nemours and Co., 2013 WL 2422661 at *3 (S.D.W. Va. June 3, 2013) (emphasis in original) (concluding that the plaintiff's section I claim was insufficiently pleaded because the complaint contained no additional facts supporting the inference that the defendant intended to injure or kill the plaintiff).

Although the Dotsons have recited the statutory elements of a Section I claim, "a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp., 550 U.S. at 555. The Court looks to, and accepts as true, the factual allegations in the amended complaint that Elite Oil, through Hess, 1) knew that the brakes in Dotson's truck had failed, 2) indicated to Dotson that the brakes were fixed when they were not, and 3) assigned Dotson to a job that required him to carry a heavy load down a steep road (Dkt. No. 14 at 4-5). See Anderson, 508 F.3d at 188.

**DOTSON V. ELITE OIL FIELD SERVICES** 1:15CV7

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS [DKT. NO. 22]**

---

The Dotsons' allegations fall far short of the specific intent to injure or kill required by Section I. See Hedrick, 2013 WL 2422661 at *3. At best, the Dotsons have alleged negligence or recklessness, but not deliberate indifference. Williams, 2011 WL 3035272 at *2. The Court finds Feng Gao persuasive, and finds that the instant case presents similar facts. Elite Oil may have disregarded a substantial risk of harm to Dotson by knowingly assigning him to a truck with defective brakes, but, nonetheless, the Dotsons have failed to allege that such behavior was intentionally designed to injure Dotson. See Feng Gao, 932 N.Y.S.2d at *4. Therefore, the Dotsons have failed to plead a plausible Section I claim against Elite Oil. See Anderson, 508 F.3d at 188.

### IV. CONCLUSION

For the reasons discussed, the Court **GRANTS** Elite Oil's partial motion to dismiss and **DISMISSES WITH PREJUDICE** the Dotsons' claim under W. Va. Code § 23-4-2(d)(2)(i).

It is so **ORDERED**.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S PARTIAL MOTION TO DISMISS [DKT. NO. 22]**

The Court directs the Clerk to enter a separate judgment order, and to transmit copies of this order to counsel of record. DATED: March 24, 2015.

                                              /s/ Irene M. Keeley
                                              IRENE M. KEELEY
                                              UNITED STATES DISTRICT JUDGE